**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLÁ
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

May 29, 2018

Albert M. Greto, Esquire
Greto Law
715 N. Tatnall Street
Wilmington, DE 19801

Kathaleen St. J. McCormick, Esquire
Elisabeth S. Bradley, Esquire
Young Conaway Stargatt &Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801

Re: *Michael Ciabattoni v. Teamsters Local 326, et al.*
*Case No.: N15C-04-059 VLM*

Dear Counsel:

This is the Court's decision on Plaintiff's Motion to Compel Compliance with Subpoena dated December 13, 2017. The Court has considered Plaintiff's Motion, non-party Facebook, Inc.'s Opposition filed on December 27, 2017, and Plaintiff's subsequent Reply dated April 16, 2018. For the reasons stated below, Plaintiff's Motion to Compel is **DENIED**.

### *Factual and Procedural Background*

Plaintiff has filed a motion pursuant to Superior Court Civil Rule 37 to compel discovery.[1] Plaintiff served a subpoena on non-party Facebook, Inc. on November 15, 2017 requesting "the identities of any and all owners, administrators, editors, moderators, analysts, and live contributors for the Facebook page 'Bring the Teamsters to FedEx Freight' between the dates of December 31, 2014 and January 9, 2015, and in particular the identity, IP Address, and all other information for the

---

[1] Pl.'s Mot. to Compel Compliance with Subpoena [hereinafter Mot. to Compel].

person(s) responsible."[2]  Plaintiff's underlying lawsuit involves multiple claims involving posts made on the aforementioned Facebook page, including False Light Invasion of Privacy, Defamation of Character, Tortious Interference with Business Relationship, Intentional Infliction of Emotional Distress, Breach of Contract, Civil Conspiracy to Commit the Foregoing Counts, and Direct or Vicarious Liability of Teamsters Local 326.[3]

Facebook, Inc. replied to the subpoena on November 24, 2017,[4] but Plaintiff claims that Facebook, Inc. did not comply with Plaintiff's request. Plaintiff claims that Facebook Inc.'s failure to respond has prejudiced Plaintiff's ability to prosecute his lawsuit and therefore requests the Court to issue an Order compelling Facebook, Inc. to provide full and complete responses to Plaintiff within twenty days or face sanctions.[5]  Non-party Facebook, Inc. filed opposition on December 27, 2017.[6]

The Motion has been re-noticed several times, most significantly to allow for the deposition of former Defendant Travis Eby, the listed former administrator for the Facebook group in question.[7]  Mr. Eby was deposed on April 4, 2018. Following that deposition, the Court requested that Plaintiff's counsel provide an updated reply in light of any information received at that deposition.[8]  That reply was filed on April 16, 2018.[9]  Then, by letter dated May 14, 2018, counsel for non-party Facebook, Inc. informed the Court that they would be focusing their argument on the First Amendment protections under the standard set forth in *Doe v. Cahill*.[10]  Facebook, Inc. would not pursue arguments based upon the Stored Communications Act "in

---

[2] Mot. to Compel at Ex. A.

[3] Second Am. Compl.

[4] Mot. to Compel at Ex. B.

[5] Mot. to Compel at ¶ 6.

[6] Facebook, Inc.'s Opp. To Pl.'s Mot. to Compel [hereinafter Facebook, Inc.'s Opp.].

[7] Email dated Feb. 19, 2018.

[8] Email dated Apr. 16, 2018.

[9] Pl.'s Reply to Facebook, Inc's Opp. To Pl.'s Mot. to Compel [hereinafter Pl.'s Reply].

[10] Ltr. dated May 14, 2018 regarding Mot. to Compel (citing *Doe v. Cahill*, 884 A.2d 451 (Del. 2005)).

light of the scope of information Plaintiff is seeking."[11]

A hearing was held on May 15, 2018. Non-party Facebook, Inc. submitted additional materials for the Court's consideration.[12] Defendants' counsel, Jeffrey Weiner, Esquire, was present at the hearing to observe and did not take a position in regards to this Motion. Defendants' counsel only participated upon prompting by the Court if he wished to make a record or take a position regarding any of the arguments presented by Plaintiff or Facebook, Inc. On May 16, 2018, he submitted a transcript from Mr. Eby's deposition per the Court's request. On May 22, 2018, Plaintiff's counsel submitted additional correspondence for consideration.

### Contentions of the Parties

Plaintiff argues generally that non-party Facebook, Inc.'s failure to respond to the subpoena has "prejudiced Plaintiff's ability to prosecute his lawsuit against Defendants."[13] Plaintiff counsel argues that he attempted to obtain the relevant information from the Facebook page's original administrator, Mr. Eby, but that Mr. Eby had relinquished all access and control over the Facebook page in question to another individual, Michael Thiemer. Non-party Facebook, Inc. contends that the identity of anonymous online speakers is protected by the First Amendment, and Plaintiff fails to meet the burdensome summary judgment standard articulated by the Delaware Supreme Court in *Doe v. Cahill*[14] to compel Facebook, Inc. to produce any identifying information.

### Standard of Review

Discovery in a civil case is generally controlled by Delaware Superior Court

---

[11] *Id.*

[12] Facebook, Inc. submitted two additional cases: *McVicker v. King*, 266 F.R.D. 92 (W.D. Pa. 2010) and *Enterline v. Pocono Med. Ctr.*, 751 F.Supp.2d 782 (M.D. Pa. 2008), as well as a journal article: Charles N. Insler, *In (Partial) Defense of Internet Trolls: Advocating a Flexible Summary Judgment Standard Before Unmasking Anonymous Commentators Accused of Defamation*, 32-WTR COMM. LAW. 9 (2016).

[13] Mot. to Compel at ¶ 6.

[14] *Doe v. Cahill*, 884 A.2d 451 (Del. 2005).

Civil Rule 26.[15] "Parties may seek discovery of any non-privileged, relevant matter, as well as information reasonable calculated to lead to the discovery of admissible information."[16] However, Rule 26(b)(1) states that the Court shall limit the extent of discovery if it determines that:

> The discovery sought is unreasonably cumulative or duplicative . . . is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . [or] is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.[17]

In addition, parties must "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."[18] For subpoenaed information, "[o]n timely motion, the Court shall quash or modify a subpoena if it . . . requires disclosure of privileged information or other protected matter and no exception or waiver applies."[19]

### Discussion

First, under Rule 37, this Court cannot compel Facebook, Inc. where Plaintiff has not met his burden, particularly for seeking discovery from a third party. Plaintiff has not taken reasonable steps to avoid imposing an undue burden on a disinterested non-party. Indeed, by Plaintiff's own admission, he has not exhausted other less burdensome avenues of obtaining the requested information.[20] This Court

---

[15] Del. Super. Ct. Civ. R. 26.

[16] *Huff Fund Inv. P'Ship v. CKX, Inc.*, 2012 WL 3552687, at *1 (Del. Ch. Aug. 15, 2012).

[17] Del. Super. Ct. Civ. R. 26(b)(1)(i)–(iii).

[18] Del. Super. Ct. Civ. R. 45(c)(1).

[19] Del. Super. Ct. Civ. R. 45(c)(3)(A)(i)–(ii).

[20] Plaintiff admits that he "may or may not be able to obtain the information requested from Michael Thiemer." Pl.'s Reply at ¶ 5. Also, at the hearing, Plaintiff merely represented that it was "unlikely" that he would be able to obtain the requested information by deposing other known individuals, such as Mr. Michael Thiemer or Mr. Christopher Buschmeier. The Court additionally notes that Mr. Eby identified another individual at his deposition who may have the requested information, Jennifer Carpenter or "Jennifer from Indianapolis." Dep. of Mr. Travis Eby (Apr. 4,

4

finds that where two, if not three, persons have yet to be deposed, and discovery is still ongoing, Plaintiff has not demonstrated that he cannot obtain the information from another source. Thus, this Court questions the timeliness of Plaintiff's filing.

Second, even assuming it was a timely filing, the Court agrees with Facebook, Inc. that Plaintiff has not met the high standard articulated by the Delaware Supreme Court in *Doe v. Cahill*[21] in order to obtain the identifying information of an anonymous internet speaker.[22] Anonymous internet speech is protected by the First Amendment, and therefore, to overcome that constitutional protection, Plaintiff is required to attempt to notify the anonymous speaker[23] and "submit sufficient evidence to establish a *prima facie* case for each essential element of the claim in question."[24] Here, Plaintiff has failed to meet these requirements.

Plaintiff claims that he is unable to provide notice until he knows the identity of the speaker. Yet the Supreme Court anticipated this conundrum and articulated that "when a case arises in the internet context, the plaintiff must post a message notifying the anonymous defendant of the plaintiff's discovery request on the same message board where the allegedly defamatory statement was originally posted."[25] If for some reason Plaintiff would be unable to do so, he must still have made a reasonable effort to notify the speaker. He has not done so here. Plaintiff also has not met the summary judgment standard and has not "introduce[d] evidence creating a genuine issue of material fact for all elements of a . . . claim within the plaintiff's control."[26] Plaintiff's argument that *Cahill* only applies to political speech is without merit.[27] Thus, Plaintiff's Motion to Compel is **DENIED**.

---

2018) at 30:21–31:01; 33:10–11.

[21] *Doe v. Cahill*, 884 A.2d 451 (Del. 2005).

[22] *See also SunEnergy1, LLC v. Brown*, 2015 WL 7776625 (Del. Super. Ct. Nov. 30, 2015).

[23] *Cahill*, 884 A.2d at 460 ("We retain the notification provision in the *Dendrite* test. Thus, to the extent reasonably practicable under the circumstances, the plaintiff must undertake efforts to notify the anonymous poster that he is the subject of a subpoena or application for order of disclosure.").

[24] *Id.* at 463 (quoting *Colgain v. Oy-Partek Ab (In re Asbestos Litig.)*, 799 A.2d 1151, 1152 (Del. 2002) (emphasis in original)).

[25] *Id.* at 461.

[26] *Id.* at 463 (emphasis removed).

[27] *See Mobilisa, Inc. v. Doe*, 170 P.3d 712, 720 (Ariz. Ct. App. 2007).

5

Sincerely,

Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    All counsel via File&Serve
         Jeffrey M. Weiner, Esquire